IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JUANITA MARIE TAYLOR,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | No. 24-1085-JWL |
| **MARTIN J. O'MALLEY,** ) | |
| **Commissioner of Social Security,** ) | |
| **Defendant.** ) | |
| _____) | |

**ORDER**

Plaintiff filed an application for leave to file action without payment of fees, costs or security.  (Doc. 4).  28 U.S.C. § 1915(a), states:

> . . .any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding. . . without prepayment of fees or security therefor, by a person who submits an affidavit. . . that the person is unable to pay such fees or give security therefor.

The court has reviewed Plaintiff's filing and finds that she has not demonstrated she lacks the financial resources to pay the filing fee in this case.   Plaintiff filed an "Affidavit of Financial Status" along with her motion, but the affidavit is ambiguous regarding whether granting permission to proceed in forma pauperis is warranted.

Proceeding in forma pauperis in a civil case is a privilege which is within the court's discretion to grant or deny.   White v. Colorado, 157 F.3d 1226, 1233 (10th Cir.

1998) ("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) (within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000).   Denial, however, must not be arbitrary or based on erroneous grounds.   Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).   A court in this district has held that where discretionary income is sufficient to pay the filing fee, even in a case where total expenses exceed total income, denial of an in forma pauperis motion is appropriate. Scherer v. Merck & Co., Civ. A. No. 05-2019-CM, 2006 WL 2524149 at *1 (D. Kan. Aug. 24, 2006) (total expenses exceeded income by $90.00 per month).

The Scherer court cited Brewer v. Overland Park Police Dep't, 24 Fed. App'x. 977, 979 (10th Cir. 2002) as authority requiring it to consider "the nature of the mandatory and discretionary demands on the applicant's financial resources," in deciding an in forma pauperis (IFP) motion.   Scherer, 2006 WL 2524149 at *1.   In Brewer, the court denied plaintiff's motion because his monthly income exceeded monthly expenses by "a few hundred dollars."   24 Fed. App'x. at 979.

Here, Plaintiff claims monthly take home income of $4,100 and monthly obligations of $4,257.50.   However, Plaintiff claims her monthly obligations include a total of $540 on $17,700 of credit card debt on three credit cards; $200 a month on clothes for a family of three, one of whom is a 10-year-old; and $300 a month on upkeep for Plaintiff's husband's mother's "old house" which they apparently rent for another $500 a month.   The taxpayers should not bear the burden for filing a legal matter which

can be borne by the plaintiff if she reduces discretionary expenses for a month, or a few months   Plaintiff does not explain what the minimum monthly payment is on her three credit cards, or why she cannot reduce her families clothing expenses and the upkeep costs on her mother-in-law's old house for a few months in order to pay the filing fee in this case.   Therefore, the court denies Plaintiff's IFP motion without prejudice to refiling another motion and an amended "Affidavit of Financial Status" if further review merits such action.

As the Brewer court recognized, an IFP motion should not be denied merely because the applicant "is not 'absolutely destitute.'" Brewer, 24 Fed. App'x. at 979 (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)). However, Plaintiff must explain these obvious ambiguities in her Motion for In Forma Pauperis and supporting affidavit.

If appropriate, Plaintiff may file another IFP motion with an amended "Affidavit of Financial Status" answering the court's questions no later than June 6, 2024.   If not appropriate, or if Plaintiff does not desire to submit an amended affidavit, she may pay the filing fee in this case no later than July 1, 2024.

**IT IS THEREFORE ORDERED** that plaintiff's motion (Doc. 4) is DENIED without prejudice to refiling no later than June 6, 2024.   Plaintiff may either file an amended affidavit of financial status and a renewed motion for leave to proceed in forma pauperis or pay the filing fee in this case no later than July 1, 2024.

Dated May 24, 2024 at Kansas City, Kansas.

                                      s:/ John W. Lungstrum
                                      **John W. Lungstrum**
                                      **United States District Judge**